**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-FILED on** _5/26/09_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SHAINA L. LISNAWATI,

        Plaintiff,

    v.

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK AS
SUCCESSOR TO JP MORGAN CHASE
BANK, NATIONAL ASSOCIATION, OWNIT
MORTGAGE SOLUTIONS, INC., LITTON
LOAN SERVICING LP, FIRST AMERICAN
TITLE COMPANY, MORTGAGE
ELECTRONIC REGISTRATIONS
SYSTEMS, INC., TITLE TRUST DEED
SERVICE COMPANY, and DOES 1 TO 100
INCLUSIVE,

        Defendants.

No. C-09-0609 RMW

ORDER GRANTING MOTIONS TO
DISMISS BY FIRST AMERICAN TITLE
COMPANY AND BY THE BANK OF NEW
YORK MELLON, LITTON LOAN
SERVICING LP AND MORTGAGE
ELECTRONICS REGISTRATION
SYSTEMS, INC.

**[Re Docket Nos. 6 and 11]**

    Presently before the court are two motions to dismiss, the first brought by defendant First

American Title Company and the second brought by defendants Bank of New York Mellon, Litton

Loan Servicing LP and Mortgage Electronics Registration Systems, Inc.  Both motions came on for

hearing before the court on May 22, 2009.  Plaintiff did not file any papers in opposition to the

motions, but she appeared at the hearing.  The court has considered the papers submitted by the

1   parties and the arguments of the parties at hearing, and for good cause appearing, the motions to

2   dismiss are granted for the reasons set forth below.

3       **Background**

4       Plaintiff Shaina Lisnawati, pro se, filed this action on February 22, 2009 under the federal Truth

5   in Lending Act (TILA), the Fair Debt Collections Practices Act and the California Business and

6   Professions Code Section 17200.  She seeks to rescind her residential mortgage contract, entered

7   into in November 2005, damages, and injunctive relief.  According to the complaint, plaintiff

8   entered into the mortgage transaction to purchase her home on or about November 1, 2005.

9   Complaint ¶¶18-19. She "was not provided with any documents whatsoever at or before the

10  Closing."  Complaint ¶20.  Due to economic difficulties, plaintiff was unable to fully pay the

11  monthly payment.  Complaint ¶30. Notice of Default and Election to Sell under Deed of Trust was

12  issued on or about August 7, 2008. Complaint ¶31.

13      The complaint does not make clear the roles that are alleged to have been played by each of the

14  six named defendants: The Bank of New York Mellon, Ownit Mortgage Solutions, Inc., Litton Loan

15  Servicing LP, First American Title Company, Mortgage Electronic Registrations Systems, Inc. and

16  Title Trust Deed Service Company.

17      Based on a review of the documents submitted under a request for judicial notice in connection

18  with the motions to dismiss,[1] it appears that Ownit Mortgage Solutions, Inc. was the initial lender on

19  the transaction, extending both a first and second mortgage secured by deeds of trust. [Exh B and C].

20  First American Title Company handled the escrow and was the initial trustee under the deeds of

21  trust.  Id. Mortgage Electronic Registration Systems, Inc. is the named beneficiary under the deeds

22  of trust, as nominee for the lender. Id.  Title Trust Deed Service Company was substituted in as

23  trustee on the deeds of trust in September 2008.  First Am. RJN Exh 5.  Presumably, Litton Loan

24  Servicing LP is the servicer of the two loans, and Bank of New York Mellon is the present holder of

25  the loans and deeds of trust.

26      The complaint seeks to set forth four claims for relief: 1) for rescission under TILA; 2) for

27  "statutory and actual relief, and a reasonable attorney fee" under TILA; 3) for "statutory and actual

28

---

[1]  Both requests for judicial notice are granted.

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-0609 RMW
TER                                                    2

relief" and declaratory relief under the Fair Debt Collection Practices Act; and 4) for injunctive relief and restitution under the California Unfair Competition Law, Business and Professions Code Section 17200 et seq. The complaint does not allege what actions were taken by which defendants.

### I.   Motion to Dismiss by First American Title Company

First American Title Company seeks dismissal of the TILA claims on the ground that, as escrow holder and as trustee for the transaction, it is not a "creditor" subject to TILA. 15 U.S.C. §1602(e). Moreover, any action for damages under TILA is subject to a one-year statue of limitation. §1640(e). First American seeks dismissal of the Fair Debt Collection Practices Act on the ground that it does not state a claim against First American. The FDCPA prohibits certain activities of debt collectors, not the activities of trustees and escrow holders. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). Finally, First American seeks dismissal of the Section 17200 claim on the ground that it is based upon the alleged violations of TILA and the FDCPA, as to which no claim against First American has been stated.

At oral argument, plaintiff agreed to dismiss all claims against First American Title Company.

First American's arguments are well-grounded, and in view of plaintiff's statement at oral argument agreeing to the dismissal of First American, the motion is granted without leave to amend.

### II.   Motion to Dismiss by Defendants Bank of New York Mellon, Litton Loan Servicing, and Mortgage Electronic Registration Systems, Inc.

Defendants Mellon, Litton and Mortgage Electronic Registration Systems, Inc. ("MERS") seek dismissal of each of the claims asserted against them.

Defendants first seek dismissal of the TILA claims on the ground that the damages claim is barred by the one-year statute of limitations and that the rescission claim is barred because the right of rescission under TILA does not apply to a loan transaction to finance the acquisition of the borrower's residence. 15 U.S.C. §1640(e) and §1635(e)(1). Defendants' motion is well-founded, and the motion to dismiss the TILA claims is granted.

Defendants next seek dismissal of the Fair Debt Collection Practices Act on the ground that "the allegation only asserts conduct by 'Option' who is not even a named party in this action." Mellon

**United States District Court**
For the Northern District of California

1  Motion at 7.  Defendants also argue that dismissal is appropriate because, based on the allegations,

2  "it is impossible for Defendants to respond to this claim."  Motion at 8.  Similarly, defendants seek

3  dismissal of the Business and Professions Code §17200 claim on the ground that it fails to identify

4  the purported "unlawful business activity" that underlies the claim, and that accordingly, the claim is

5  so uncertain that it is impossible for defendants to respond.  Mellon Motion at 8.

6       The court agrees.  The allegations are wholly insufficient to put the defendants on notice of what

7  conduct is challenged or what each of them is alleged to have done that would give rise to liability

8  under the Fair Debt Collection Practices Act or to put the defendants on reasonable notice of the

9  allegedly unfair or fraudulent conduct that supports the claim under Section 17200.  Accordingly,

10  the motion to dismiss is granted, with leave to amend.  In amending the complaint, plaintiff shall

11  plead facts sufficient to show her entitlement to relief as to each of the named defendants.

12

13                                          **III.  ORDER**

14       For the foregoing reasons, the court grants the motion to dismiss by First American Title

15  Company, and the claims against First American Title Company are dismissed without leave to

16  amend.

17       The court also grants the motion to dismiss by The Bank of New York Mellon, Litton Loan

18  Servicing LP and Mortgage Electronic Registration Systems, Inc., with leave to amend.  The

19  amended complaint must plead facts sufficient to show that plaintiff is entitled to relief as to each

20  named defendant.    Plaintiff shall have 30 days leave to amend the complaint.

21

22

23  DATED:        5/22/09                          _Ronald M Whyte_

                                          RONALD M. WHYTE
24                                          United States District Judge

25

26

27

28

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-0609 RMW
TER                                          4

**United States District Court**
For the Northern District of California

1   **Notice of this document has been electronically sent to:**

2

3   **Counsel for Defendants The Bank of New York Mellon, Litton Loan Servicing LP, Mortgage Electronic Registrations Systems, Inc., and Title Trust Deed Service Company:**

4   Ronald David Roup                     ron@rouplaw.com

5

6   **Counsel for Defendant First American Title Company:**

7   Lucas Erskine Gilmore                 lgilmore@steyerlaw.com

8   **Counsel for Defendant Ownit Mortgage Solutions, Inc.:**

9   No appearance

10

11

12   Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

13

14   **A copy of this document has been mailed to:**

15   **Plaintiff:**

16   Shaina L. Lisnawati
     646 Clauser Drive
17   Milpitas, CA 95035

18

19

20   **Dated:**   5/26/09                          TER
                                           **Chambers of Judge Whyte**
21

22

23

24

25

26

27

28

ORDER GRANTING MOTIONS TO DISMISS—No. C-09-0609 RMW
TER                                      5